[Civ. No. 26742.   Second Dist., Div. Four.   Aug. 7, 1963.]

HENRY A. ROHRIG, Plaintiff and Respondent, v. WHITEMAN MANUFACTURING COMPANY et al., Defendants and Appellants.

Hanna & Morton and Edward S. Renwick for Defendants and Appellants.

Ross, Price & McDaniel and Chester A. Price, Jr., for Plaintiff and Respondent.

BURKE, P. J.—Plaintiff sued defendants for moneys due for services rendered and labor and material furnished in the modification of an airplane.

Defendants complain that plaintiff should be denied recovery because, as an employee, he did not disclose to defendants that during the performance of the work he formed an independent company under the name of "Aerexco" to which he farmed out certain of the work, thereby making secret profits unknown to defendants. Defendants contend such conduct constituted fraud upon them vitiating all agreements between the parties. Defendants deny any liability to plaintiff and by cross-complaint pray for rescission of the purported agreements which were evidenced in the form of purchase orders executed by defendants. Because of his fraudulent activity, defendants also seek to impress a trust with respect to all moneys previously paid to plaintiff, punitive damages, and lastly, recovery of all wages paid to plaintiff as an employee.

Defendants undertook to modify a military surplus B-26 airplane. They hired Frank Berry, doing business as Rhodes-Berry Company, to serve as design engineer for the modification. Bart Falk was an employee of Rhodes-Berry Company. Berry had complete charge of the project, including the hiring and firing of personnel. Plaintiff was hired by Berry although his salary was paid by defendants. The Whitemans, father and son, were the president and vice president of defendant companies. Neither ever discussed plaintiff's employment nor gave him any instructions as to his duties. Part of plaintiff's duties was to supervise the crew reconditioning the aircraft. He made out requisitions for parts and materials, specifying the vendor, and delivered these to defendants' purchasing agent who issued purchase orders thereon.

In October 1959 plaintiff commenced a business of his own, filing a certificate of fictitious name therefor showing himself as the owner. The company was called ''Aerexco.'' Plaintiff routed several jobs to this company by way of writing requisitions therefor for which purchase orders were issued by defendants covering numerous parts for the airplane and requiring the performance of particular portions of the work done, such as installation of an electrical system and construction of a cabin door and nose wheel bracket assembly. Defendants paid for some of the work and this action is brought to collect the balance of moneys due.

Before issuing any requisitions calling for purchase orders directed to Aerexco, plaintiff told Frank Berry and his assistant, Falk, that he owned Aerexco. Plaintiff asked Berry if he thought it would be all right to route work to the company he owned, and Berry stated in effect that he saw no objection to such a procedure. Plaintiff made no mention of his relationship with Aerexco directly to the Whitemans.

In one instance a purchase order was issued to Aerexco for the performance of certain work for which Aerexco was not equipped. Aerexco subcontracted the work and made a net middleman profit from the transaction. On January 8, 1960, defendants learned of these operations of plaintiff and plaintiff was discharged. Nevertheless, with full knowledge of the prior conduct of plaintiff, defendants requested that plaintiff continue the performance of the ordered work and the greater portion of the work that Aerexco did for defendants occurred after the discharge of plaintiff as an employee of defendants. Defendants even paid plaintiff the sum of $1,183.30 on or

about January 20, 12 days after discharging him, requesting completion of the work and stating that Aerexco would be paid in full. Mr. Whiteman, Jr., confirmed this conversation but testified he agreed to pay a "reasonable price" rather than a specific sum.

The case was tried by the court without a jury and judgment was entered for plaintiff. Defendants contend that there was insufficient evidence to sustain the findings of the trial court that plaintiff did not fraudulently induce the purchase orders, or conceal his activities.

It is elementary that in reviewing the evidence every intendment favors the determination of the trier of fact; and, where substantial evidence supports the judgment, insufficiency is not an applicable ground for reversal. Likewise, credibility of witnesses is within the proper purview of the trial court.

Considerable argument is presented by defendants relating to the issues of fact that the defendants were uninformed of the true operations of plaintiff, that his secret operations constituted a conflict of interest and therefore, as a matter of law, the Aerexco contracts (purchase orders) were at least voidable. However, this issue becomes unimportant since the trial court found upon substantial evidence that plaintiff gave notice that he owned Aerexco to the Rhodes-Berry Company and Frank Berry, who were acting as agents of defendants. Section 2332 of the Civil Code is therefore applicable: "As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." In *Maron* v. *Swig* (1952) 115 Cal.App.2d 87 [251 P.2d 770], it is held that the rule of imputed knowledge applies even though the agent fails actually to convey the knowledge to the principal. It is apparent from the record that the trial court concluded that the Rhodes-Berry Company and Frank Berry were vested with such authority to supervise and control the modification of the B-26 airplane that approval by Frank Berry of the methods of plaintiff in subcontracting work to his own company was binding upon defendants under either principle of agency—actual or ostensible.

Although the evidence adduced by defendants was in substantial conflict, there is sufficient evidence in the record to support the court's findings of fact and therefore its judgment.

Finally, it should be noted, the work contracted for was performed, the material supplied, no dissatisfaction with the work is apparent, the benefits were accepted by defendants, no unreasonableness in the charges for services is alleged or shown and the defendants agreed to pay for substantial portions of the work after they had acquired direct knowledge of any purported impropriety of plaintiff. As a consequence the judgment herein was not only legally but equitably founded.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.